# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY HEASLET, et al., | CASE NO. CV F 05-1557 OWW LJO |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION TO COMPEL INTERROGATORY RESPONSES AND DOCUMENT PRODUCTION** |
| vs. | (Doc. 12.) |
| MED-TRANS CORPORATION, | |
| Defendant. | |

## INTRODUCTION

In this action seeking unpaid wages and payments for denied meal periods, plaintiffs Joey Heaslet, Peter J. Hall and Blake Burris (collectively "plaintiffs") seek defendant Med-Trans Corporation's ("Med-Trans'") interrogatory responses and document production. Med-Trans filed its statement of non-opposition to plaintiffs' motion to compel Med-Trans' interrogatory responses and document production. As such, this Court considered plaintiffs' motion to compel on the record and without oral argument or the May 19, 2006 hearing, pursuant to this Court's Local Rule 78-230(c), (h). For the reasons discussed below, this Court ORDERS Med-Trans, no later than May 29, 2006, to:

1. SERVE complete, straightforward answers, without objections, to plaintiffs' interrogatories and document requests, served on Med-Trans on January 10, 2006; and
2. PRODUCE all documents and other things responsive and subject to plaintiffs' document requests, served on Med-Trans on January 10, 2006.

# BACKGROUND

Med-Trans had employed plaintiffs as medevac helicopter pilots. Plaintiffs claim Med-Trans failed to pay plaintiffs overtime wages and for denied meal periods, as required by California Labor Code sections 510 and 226.7, respectively.

On January 10, 2006, each plaintiff served by mail identical sets of 14 interrogatories to Med-Trans to ascertain Med-Trans' contentions, including whether plaintiffs were exempt from overtime payments and were compensated on a salary basis. The interrogatories sought facts, witnesses and documents as to Med-Trans' contentions. On January 10, 2006, each plaintiff served by mail identical sets of document requests to Med-Trans to seek plaintiffs' personnel files, Med-Trans' communications with the California Department of Industrial Relations, and Med-Trans' pilot licensing and education requirements and operations manual.

Defense counsel faxed a February 14, 2006 letter to request a 20-day extension to respond to plaintiffs' interrogatories and document requests. On February 15, 2006, plaintiffs' counsel faxed defense counsel a note to grant an extension to April 5, 2006. Plaintiffs' counsel notes that he had miscalculated a 20-day extension but nonetheless agreed to an April 5, 2006 extension. Med-Trans has failed to serve responses to the interrogatories and document requests. Plaintiffs' counsel faxed defense counsel an April 18, 2006 letter to note the failure to provide responses and waiver of objections and to request responses and document production within 10 days.

On May 2, 2006, plaintiffs filed their motion to compel Med-Trans' interrogatory answers and document production within 10 days. Plaintiffs contend that the information sought by their interrogatories and document requests constitutes admissible evidence or will identify witnesses and documents to lead to discovery of admissible evidence.

Med-Trans filed a statement of non-opposition to plaintiffs' motion to compel.

# DISCUSSION

F.R.Civ.P. 37(a)(2)(B) empowers a propounding party to bring a motion to compel discovery responses:

> If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested,

the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). The failure to respond to interrogatories or document requests "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." F.R.Civ.P. 37(d). An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.Civ.P. 37(a)(3).

Med-Trans has inexcusably failed to provide discovery responses despite a lengthy extension. There is no evidence that Med-Trans sought an additional extension prior to the expiration of the April 5, 2006 extension which plaintiffs' counsel granted. Defense counsel appears to have ignored the April 18, 2006 letter of plaintiffs' counsel to address the outstanding discovery, which is limited in scope. Plaintiffs are entitled to Med-Trans' complete, straightforward answers, without objections, to interrogatories and document requests and document production.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court ORDERS Med-Trans, no later than May 29, 2006, to:

1. SERVE complete, straightforward answers, without objections, to plaintiffs' interrogatories and document requests, served on Med-Trans on January 10, 2006; and
2. PRODUCE all documents and other things responsive and subject to plaintiffs' document requests, served on Med-Trans on January 10, 2006.

IT IS SO ORDERED.

**Dated:    May 17, 2006**             /s/ Lawrence J. O'Neill
66h44d                                 UNITED STATES MAGISTRATE JUDGE

3